IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

TERRANCE HOLMES,

      Petitioner,

v.                                          Civil Action No. 5:08CV59
                                                             (STAMP)

WAYNE PHILLIPS, Warden,

      Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.  Procedural History

The pro se[1] petitioner, Terrance Holmes, filed an application for habeas corpus relief pursuant to 28 U.S.C. § 2241, in which he claims that the defendant is unlawfully denying the petitioner's transfer to a Community Corrections Center ("CCC")[2] for the final six months of his term of imprisonment. Pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) and Local Rule of Prisoner Litigation Procedure 83.09, et seq., this case was referred to United States Magistrate Judge James E. Seibert for an initial review and for a report and recommendation on disposition of this matter. The magistrate judge issued a report and recommendation, recommending summary dismissal because the petitioner's claim was not ripe for review. Magistrate Judge Seibert advised the parties that,

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

[2] The term Residential Re-entry Center ("RRC") has replaced the term Community Corrections Center. Because the petitioner uses the term "CCC" in his petition, this Court will do so as well.

pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within ten days after being served with a copy of the magistrate judge's recommendation.  Neither party filed objections.  For the reasons set forth below, this Court affirms and adopts the magistrate judge's report and recommendation in its entirety.

## II. Facts

According to the petitioner, he was sentenced on April 19, 2007, in the United States District Court for the Northern District of Ohio, to a period of imprisonment of thirty-seven months for wire fraud, in violation of 18 U.S.C. § 1343.  At the time the magistrate judge's report and recommendation was issued, the petitioner's release date, with good-time credit, was estimated by the Bureau of Prisons ("BOP") to be February 9, 2010.[3]

## III. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made.  However, failure to file objections to the magistrate judge's proposed findings and recommendations permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to de novo review is waived.  See Webb v. Califano, 468 F. Supp.

---

[3]A search of the BOP inmate locator website on August 3, 2009, indicated that the petitioner's release date was, in fact, still estimated to be February 9, 2010.

2

825 (E.D. Cal. 1979). Accordingly, this Court reviews the report and recommendation of the magistrate judge for clear error.

## IV. Discussion

The magistrate judge determined that on February 4, 2008, the date upon which the petitioner filed his petition, the claim was not ripe for review because the petitioner's projected release date, February 9, 2010, fell outside the period during which the BOP makes CCC referrals.[4] Therefore, the petitioner was complaining about a process which did not, at the time of filing, affect him. "A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." Texas v. United States, 523 U.S. 296, 300 (1998) (internal citations and quotation marks omitted). The magistrate judge correctly determined that at the time the petitioner filed his CCC claim, the petitioner's projected release date fell outside the period for a CCC referral. Accordingly, his claim was not ripe for adjudication at the time of filing.

Since that time, however, the petitioner's claims may have ripened. The petitioner's projected release date now falls within the period for a CCC referral, and the petitioner may have received a CCC designation. However, the petitioner has not filed any supplemental documents to indicate that such a designation has been

---

[4]According to BOP Program Statement 7310.04, Community Corrections Center (CCC) Utilization and Transfer Procedure, final and specific release preparation plans, including decisions regarding CCC referrals, are ordinarily established eleven to thirteen months before an inmate's projected release date.

made since the time he filed his petition. Although the magistrate judge recommends dismissal of this claim, he recommends that it be dismissed without prejudice to allow the petitioner to refile a timely CCC placement claim, if so inclined. Accordingly, this Court finds no clear error in the magistrate judge's report and recommendation, and agrees with the magistrate judge that the petitioner's claim concerning the BOP's CCC placement policy should be dismissed without prejudice to allow the petitioner the opportunity to refile when his claim is ripe for adjudication.

## V. Conclusion

Because the petitioner has not objected to the report and recommendation of the magistrate judge, and because this Court finds that the magistrate judge's recommendation is not clearly erroneous, the ruling of the magistrate judge is hereby AFFIRMED and ADOPTED in its entirety. Accordingly, for the reasons set forth above, the petitioner's § 2241 petition is DENIED and DISMISSED WITHOUT PREJUDICE. It is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Moreover, this Court finds that the petitioner was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action will result in a waiver of appellate rights. Thus, the petitioner's failure to object to the magistrate judge's proposed findings and recommendation bars the petitioner from appealing the judgment of

this Court.  See 18 U.S.C. § 636(b)(1); Wright v. Collins, 766 F.2d 84, 845 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

    IT IS SO ORDERED.

    The Clerk is directed to transmit a copy of this memorandum opinion and order to the pro se petitioner by certified mail and to counsel of record herein.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is directed to enter judgment on this matter.

    DATED:    August 4, 2009

    /s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE